**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50097 |
| Plaintiff-Appellee, | D.C. No. 8:12-cr-00240-JVS-10 |
| v. | |
| ALAN DAVID NIXON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued & Submitted October 7, 2016
Pasadena, California

Before:  TROTT, OWENS, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Alan David Nixon appeals the district court's refusal to

modify his conditions of probation to allow him to use marijuana for medical

purposes.  We have jurisdiction under 28 U.S.C. § 1291, and we now affirm.

Nixon argues that the district court violated the Eighth Amendment's

prohibition against cruel and unusual punishment and deprived him of due process

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

by not allowing him to use marijuana for medical purposes during his probationary term.[1] Because Nixon did not object on these grounds in the district court, we review for plain error. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008) (stating that forfeited challenges to conditions of supervised release are reviewed for plain error).

Nixon bears the burden of demonstrating plain error, *United States v. Olano*, 507 U.S. 725, 732-35 (1993), and he has not met that burden. Nixon does not provide any meaningful argument to support his argument that the probation condition violates due process, so that argument is waived. *See United States v. Daniels*, 541 F.3d 915, 925 (9th Cir. 2008); *accord* Fed. R. App. P. 28(a)(8). Any possible construction of Nixon's Eighth Amendment claim would require consideration of his personal medical condition. Nixon has not put evidence of his condition into the record and, in fact, expressly waived his right to an evidentiary hearing in the district court. Nixon's Eighth Amendment argument therefore fails.

**AFFIRMED.**

---

[1] We address in a concurrently filed opinion Nixon's argument that a congressional appropriations rider prohibits the district court from restricting his use of medical marijuana as a condition of probation.